FILED

2011 Jun-08  AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA ANN MILES, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-10-S-1920-NE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Patricia Ann Miles commenced this action *pro se* on July 15, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying her claim for widow's insurance benefits and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983). The key factor in evaluating claimant's arguments in support of her entitlement to both widow's benefits and supplemental security income benefits is whether she suffered from a disability, as that term is defined under the Social Security Act, prior to March 13, 1998.[1]

Claimant asserts that the ALJ's decision that she was not disabled prior to March 13, 1998 (and, indeed, at any time prior to April 1, 2003) was not supported by substantial evidence and not in accordance with applicable legal standards. More specifically, claimant asserts that the ALJ: (1) did not properly consider all the medical evidence of record; (2) improperly evaluated her subjective complaints of pain; (3) relied on testimony by the vocational expert that did not reflect the true nature of her prior relevant work. Upon consideration, the court concludes that none of claimant's arguments have merit.

The opinion of a treating physician "must be given substantial or considerable

---

[1] Federal regulations governing widow's benefits provide that a widow or widower of a person who died fully insured will receive benefits if she or he meets certain requirements, including: "You are at least 60 years old; or you are at least 50 years old and have a disability as defined in §404.1505 . . . ." 20 C.F.R. § 404.335(c). 20 C.F.R. 404.1505 defines a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See also* 20 C.F.R. § 416.905(a) (setting forth the same definition of "disability" for supplemental security income claims).

The ALJ determined that claimant was disabled between April 1, 2003 and December 16, 2004, but that she was not disabled anytime before April 1, 2003, including before March 31, 1998, the relevant date for determining entitlement to widow's benefits. Tr. 21, 29. Claimant's disability status after December 16, 2004 was determined in a separate proceeding. *See* Tr. at 20.

weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted).  Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*.  Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).  Social Security regulations also providee that, in considering what weight to give *any* medical opinion, the Commissioner should evaluate, among other factors:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; and the doctor's specialization.  *See* 20 C.F.R. § 404.1527(d).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Claimant argues that the ALJ did not properly consider the opinions and other

records of treating and examining physicians.  First, she asserts that the ALJ "did not say anything about Southside Health Care,"[2] but the court could not locate any documents in the record from Southside Healthcare.  Claimant also asserts that the ALJ improperly considered the records of Drs. Dolman, Tyler, and Young, all of whom noted that she experienced tenderness in her low back, as well as the records of Dr. Saba, who noted that she had "severe soft tissue to the low back with the presence of chronic lumbar syndrome."[3]  As an initial matter, the court notes that neither the mere presence of muscle tenderness nor the mere diagnosis of a lumbar disease indicates any kind of disabling condition.  Instead, the relevant inquiry is whether claimant's back condition causes an impairment so severe that it significantly limits her ability to perform work-related activities.  *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").  *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the

---

[2]Doc. no. 11 (claimant's brief), at 1-2.

[3]*Id.* at 2.

4

workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)).

Furthermore, the court concludes that the ALJ properly evaluated the medical evidence.  Dr. Dolman, Dr. Tyler, and Dr. Saba all stated that their examinations revealed no significant findings.  Dr. Dolman concluded that claimant had "no clinically significant orthopedic condition," and opined that claimant's complaints were psychogenic or the result of secondary gain factors.[4]  Dr. Tyler stated that he "did not identify any objective basis for activity restriction."[5]  Dr. Saba stated that claimant was not a candidate for surgical intervention, assessed only a 5% impairment rating, and released claimant from his care.[6]  Dr. Young, who treated claimant after her work-related back injury, administered only conservative treatment and did not note any significant functional limitations.[7]

The ALJ also acknowledged that treating physicians had provided conclusory opinions about claimant's disability.  For example, Dr. Draper stated on October 8, 2001, that,

> [d]ue to sharp and burning pains in the lower back and legs, Ms. Miles has to lie down 5 or 6 hours between 9am and 5pm.  She is unable to stand or sit for more than 20 minutes at a time.  Ms. Miles cannot

---

[4]Tr. 230-31.

[5]Tr. 199-201.

[6]Tr. 177-78.

[7]Tr. 182-98.

lift/carry more than 5 pounds and should avoid bending.[8]

Dr. Omurang completed a physical capacities evaluation on June 10, 2003. He stated that claimant could work for a total of only five hours during an eight-hour work day, and that she would need the freedom to rest, recline, or lie down at her own discretion throughout the day.[9]   Further, someone named "Shamy" submitted a form on claimant's behalf to the Georgia Department of Human Resources Division of Family and Children Services on January 23, 2001.  A box on the form had been checked to indicate that claimant was not mentally and physically capable of engaging in gainful employment.[10]  Finally, on June 12, 2002, Dr. Owens signed a form, which apparently was generated for the Atlanta Housing Authority, stating in a summary fashion that claimant was disabled.[11]  The ALJ assigned little weight to all of these opinions because they were conclusory and unsupported by any explanation or reference to the evidentiary record.  The ALJ also concluded that the conclusory proclamations of claimant's disability were unsupported by any objective clinical findings and inconsistent with the other medical evidence of record.[12]  The court finds that the ALJ's conclusions were in accordance with applicable law and supported by

---

[8]Tr. 382.

[9]Tr. 388-91.

[10]Tr. 393.

[11]Tr. 400.

[12]Tr. 25-26.

substantial evidence, including the records of Drs. Dolman, Tyler, Young, and Saba, which are discussed above.

Claimant's next argument is that the ALJ improperly evaluated her subjective complaints of pain. To demonstrate that pain or another subjective symptom renders her disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). The ALJ found that claimant's medically determinable impairments could reasonably be expected to produce her alleged symptoms, but he nonetheless concluded that claimant's statements concerning the intensity, persistence

and limiting effects of those symptoms were not entirely credible anytime prior to April 1, 2003. The ALJ based this conclusion primarily on the conservative treatment claimant had received and the lack of objective medical findings in the record.[13] The court concludes these findings are supported by substantial evidence and in accordance with applicable law. Claimant correctly points out that pain alone can support a finding of disability, but that is only so if the evidentiary standard discussed above is satisfied. The mere fact that claimant experiences some pain does not entitle her to a finding of disability.

Finally, claimant argues that the vocational expert mischaracterized the nature of her prior work. During the administrative hearing, the vocational expert testified that claimant's prior work as both a counter attendant and a cosmetologist are typically performed as light work. However, because claimant had testified that she was required to lift up to 60 pounds during her job as a counter attendant, that job, *as claimant performed it,* actually was at the heavy level of exertion. Because the ALJ assigned claimant a residual functional capacity to perform only light work (lifting only up to 20 pounds), the vocational expert testified that claimant would be able to perform her prior work as a cosmetologist, but she would not be able to perform her

---

[13]Tr. 26.

prior work as a counter attendant *as it had been previously performed by her.* [14]

Claimant takes issue with the vocational expert's assessment, stating that both jobs — counter attendant and cosmetologist — require the same physical functions.[15] The court concludes that there was no error in the vocational expert's assessment of claimant's ability to perform her prior work. The expert clearly made a distinction between the counter attendant job as it is normally performed and the same job as it actually was performed by claimant. There is no indication in the record that claimant's past work as a cosmetologist required her to lift up to 60 pounds, or to perform any other activities at the heavy level of exertion.[16]

In summary, because the court finds that the ALJ's decision was supported by substantial evidence and in accordance with applicable legal standards, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

---

[14]Tr. 651.

[15]Claimant's brief, at 1.

[16]Claimant also asserts that the ALJ did not properly consider her inability to stoop or bend. *See* claimant's brief, at 2. However, plaintiff's argument focuses only on how the inability to stoop or bend affects the disability status of a person with a functional capacity to perform only sedentary work. Consequently, her arguments are irrelevant to this case, in which she has been assigned a residual functional capacity for light work.

Finally, claimant asserts that the Social Security Administration provided her with confusing and conflicting information regarding the date on which her entitlement to widow's benefits began. The court can discern no basis in law to support claimant's argument, and no reason why those claims, even if well-supported, would affect the outcome of this appeal.

DONE this 8th day of June, 2011.

_____
United States District Judge